## DORSETT *v.* CREW.

JURISDICTION — *service of process.* It is error to enter judgment against parties who have not been served with process.

INSTRUCTIONS *should be written.* Instructions to the jury should be written, and the court should not orally qualify or modify them.

VERDICT EXCESSIVE. Where the verdict of the jury was for $221.66, and was expressed to be for the amount of a note, without interest, and it appeared that the note was for $221 only : *Held,* that it was error to receive and enter judgment on the verdict.

*Appeal from District Court, Arapahoe County.*

Mr. J. Q. CHARLES, for appellant.

Mr. MOSES HALLETT, for appellee.

HARDING, C. J.   This is an appeal from the judgment of the district court of Arapahoe county.   On the 3d of June, 1862, the appellee filed his affidavit in attachment against James L. Dorsett, G. B. Reed and F. Dorsett, junior, in aid of an action of assumpsit against the persons last named, commenced the same day.   The cause of action consisted of a certain note made by the above-named defendants to the said Crew, on the 11th day of August, 1860, and payable three months from date, for the sum of $221.   On the 4th of August, 1862, a summons issued against G. B. Reed, James L. Dorsett and F. Dorsett, jun., returnable to August term, 1862, of the said district court.   There was no return of sheriff on the summons.   On the fifth of August a writ of attachment issued against the property of James L. Dorsett alone, returnable to August term of said court.

On the 6th of August, 1862, the writ of attachment was returned executed June 3, 1862, by attaching three brown horse mules and one brown mare mule, the property of James L. Dorsett.   On the 25th July, 1862, the plaintiff filed his declaration herein, containing two counts : 1. Count on the promissory note ; 2. Common count for goods, wares, etc., and for work and labor, money had and received

*ad damnum* $300.   Plaintiff also filed copy of note sued on in declaration.

At the August term of said court, the defendant, James L. Dorsett, appeared and filed a motion to dismiss the suit for want of a sufficient affidavit.   The motion was overruled and an exception taken.   Said J. L. Dorsett then filed his plea in abatement, denying the allegations set forth in the affidavit.   Issue joined on said plea by the plaintiff and cause tried by a jury.

The court gave *oral* instructions to the jury, and made *oral* explanations to the written instructions given to the jury.

The jury rendered the following verdict : "*J. H. Crew v. G. B. Reed, James L. Dorsett and F. Dorsett, Jr.*   We, the jury in the above-entitled cause, find verdict for plaintiff.   Amount, $221.66 of note, without interest.   C. H. Martin, foreman."   The court rendered judgment on the verdict of the jury against all the defendants for the sum of $221.66.

On the 6th day of September, 1862, during the same term of said court, and two days after the entering of the judgment, the said James L. Dorsett, who was the only one of the defendants who had appeared or who had been served with process, made a motion for a new trial, and set down in his said motion, among others, the following reasons. There are seven causes assigned why a new trial should be granted, but it is necessary to notice only the following : 1. The verdict is contrary to the law and the evidence ; 4. Because the court gave oral instructions and also oral explanations of his own written instructions ; 7. And for other good and sufficient reasons.

This motion was accompanied by the affidavit of the said James L. Dorsett, for the purpose of supporting the same. This affidavit set forth the fact that the court gave the *oral* instructions above mentioned to the jury, and that the court also gave oral explanations, etc., etc.

This motion was overruled and exceptions taken. An appeal was prayed for, and it was ordered that the same be.

allowed by defendant filing his bill of exceptions together with his bond for $600, in twenty days. The bill of exceptions was duly preferred and signed in vacation. Also the bond was filed, and this case is now before us for our action.

As was remarked above, we decline considering all the reasons set down by the appellant in his motion for a new trial. We will advert to the error assigned on behalf of appellant, and on which he relies for the reversion of the judgment of the court below. But in doing this we will not consider in their order all the errors assigned, for the reason that we have not the authorities before us, which would enable us to treat each one of them in detail; neither does it become necessary to arrive at a just conclusion in determining our final action in the premises. We will, therefore, refer to the third, fifth and seventh errors assigned. They are as follows: 3d. The court erred in overruling the motion for new trial; 5th. The court erred in giving *oral* instructions and in explaining *orally* his written instructions; 7th. The court erred in receiving the verdict, and in rendering judgment for more than was claimed in the affidavit and declaration.

The evidence upon which the jury found their verdict is contained in the bill of exceptions, although, perhaps, the bill of exceptions is technically deficient in not stating that this was all the evidence offered in the trial of the case, and, if the court below had refused a new trial upon the ground that the evidence did not warrant the finding of the jury, we should not feel disposed to interfere, for the reason that it is the peculiar province of the jury to find the facts from the evidence, and where there is conflicting evidence on both sides of the case, the court will not disturb the verdict or grant a new trial, unless it is apparent that great injustice would be done the opposite party in refusing the same. It is manifest that there was evidence on both sides upon which the jury could make their finding. But the question arises, did the court below err in receiving the verdict of the jury in this case? We think that it did. The verdict is against all the defendants, or, at least, it would seem that

the court below so considered it, for judgment was rendered against all the defendants. Was this proper? It does not appear that service was ever had on any one of them but James L. Dorsett; neither does it appear from the record that either of the other defendants ever appeared, either by himself or any other person, and answered to the complaint. The judgment is personal, and not *in rem*. The property of James L. Dorsett had been levied on in attachment, but it does not appear that any service had ever been made on Reed and Dorsett, Jun., by which they could be considered as before the court. The authorities are clear on this subject. This was an action of assumpsit on the note for $221, and which was signed by all the defendants in the court below. The writ of attachment was in aid of the action of assumpsit, but, unless the defendants had been legally served with process, no personal judgment could be rendered against them, unless they entered their appearance upon the trial, which would have been a waiving of the process. It must be remembered that in a proceeding *in rem* the judgment of the court only subjects the property attached to the payment of the defendant's debts, unless, as before observed, personal service has been had on the defendant, or other steps have been taken which are equivalent to the same. Under these circumstances, we think that the court erred in overruling the motion for a new trial.

5. The next error which we shall notice is No. 5, in the series set down in the appellant's brief, and is as follows: The court erred in giving *oral* instructions and by explaining *orally* his written instructions. If we had found nothing else wrong in the record of this case, this would be a fatal error upon which the judgment of the court below must be reversed.

By the statute of this territory (1st Sess. 282, § 28), we find the following provision: " The district court in all cases, both civil and criminal, shall only instruct the petit jury as to the law of the case, and such instruction shall be reduced to writing, and may be taken by the jury in their retirement and returned by them with their verdict," etc.

The court in this committed a palpable error. It will not do for appellee to say that we are not advised as to what these oral instructions were; that they may have been in favor of the defendant, etc. Nothing would reconcile this practice of the court but the express consent of the parties that the court might so instruct. We do not know what effect these *oral* instructions may have had on the mind of the jury, neither did it become necessary for the defendant to embody in his bill of exceptions these instructions. If the court proceeded to so instruct, in violation of an express statute, it was in the power of either party to take advantage of the error so committed by the court. We will not give a direct opinion as to what may be construed by this court as the *consent* of the parties, assuming that such a case was now before us involving that question. If the court should proceed to instruct the jury *orally* over the objection and protest of one of the parties, the other party sitting by and making no objection, then, in such a case, the particular circumstances might modify our ruling. But there is nothing of the kind here; the facts stand out clearly in the bill of exceptions, that the court in this instance did what it had no right to do on the hearing and trial of a suit.

We now proceed to the last error which we will notice in this connection.

7. That is as follows: "The court erred in receiving the verdict and in rendering judgment in this case for more than was claimed in the affidavit and declaration."

The note, which is mentioned in the verdict of the jury, is the same note mentioned in the affidavit and declaration on which this action was based. The verdict of the jury was clearly wrong, from the internal evidence which it bore on its face. The amount claimed in the affidavit was $221. No matter what might be claimed in the *ad damnum*. If it is clear that the jury only intended to find that the amount due the plaintiff was the face of the note, without interest, which we think is the case, there should have been no mistaking their intentions. The excess is but a small sum indeed, but it was the duty of the plaintiff and not

the defendant to see that the verdict was corrected at the proper time, and when these facts were brought to the notice of the court, it became the duty of the court to send the jury back to their room for the purpose of returning a correct verdict. We do not remember an instance where the court refused to have the verdict of the jury corrected for the reason that the excess was a trifling sum. The plaintiff in this case claimed in his declaration the amount of the note sued on, with such other amount as the jury might find due him not exceeding $300.

The jury only found the amount of the note without interest, and fixed the sum at $221.66. How they could find the amount of sixty-six cents over and above the note, when the note was found to be due without interest, is not known to us. The verdict was clearly wrong from the statement contained in the body of the same. Therefore the verdict was wrong for two reasons; 1, the excess over the face of the note, and in the second place it was against all the defendants, or, if we are mistaken in this, then the court could not enter judgment against all of the defendants. The reason why is stated in the former part of this opinion. There are other errors assigned by appellant which are worthy of notice, but, for reasons above given, we cannot examine them in detail here. We think that the authorities cited by appellant, and many of those also by the appellee, bear us out in arriving at the conclusion to which we have come, that the judgment of the court below must be reversed, which is done accordingly, with costs, and this cause is remanded for further proceedings.

*Reversed.*